IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MARTHA MCKEE, as Administratrix of
the Estate of RALPH FANTACONE                                                        PLAINTIFF


v.                                NO. 6:18-CV-06117-RTD

CORRECT CARE SOLUTIONS, LLC;
CORIZON HEALTH, Inc., aka CORIZON, LLC;
NANNETTE L. VOWELL, M.D.; and
GREGORY SCOTT MCKINNEY, M.D.                                                         DEFENDANTS


## MEMORANDUM OPINION AND ORDER

This case arises from the death of Ralph Fantacone. When Fantacone was an inmate at the Arkansas Department of Corrections, he died from a condition alleged as multifocal acute pulmonary capillaritis. Fantacone passed away on January 18, 2015 and was survived by his sister, Martha McKee. McKee filed this lawsuit alleging state law claims for medical malpractice and deliberate indifference pursuant to 42 U.S.C. § 1983. Pending before the Court is a motion for summary judgment (ECF No. 41) filed by the Defendants. Separate Defendants Corizon, LLC, Nannette Vowell, and Gregory McKinney argue the claims alleged against them are untimely. Further, all the defendants, including Correct Care Solutions, LLC, argue summary judgment should be granted because McKee untimely disclosed her expert reports, and thus, cannot meet her burden of proof without expert testimony. McKee has filed a response opposing the motion (ECF No. 46), and the Defendants have filed a reply. (ECF No. 48). For the reasons provided below, the motion for summary judgment will be GRANTED IN PART and DENIED IN PART.

I.      TIMELINESS

Prior to filing this action, McKee filed a similar lawsuit arising out of the same facts and circumstances on January 18, 2017. *See McKee v. Correct Care Solutions et al.*, 6:17-cv-06011-PKH.[1]  McKee sued Correct Care Solutions, LLC ("CCS"), Corizon Correctional Healthcare, and various John Doe defendants.  On April 20, 2017, the claims against the John Doe defendants were dismissed without prejudice for lack of timely service and due to McKee's failure to request an extension.  The court notified McKee that she could seek leave to amend her complaint should she acquire information sufficient to state plausible claims against the Doe defendants.  After the court issued its order, McKee did not request leave to add any new parties.  Regarding Corizon Correctional Healthcare, service of the summons and complaint was effected in a timely manner but neither document listed Corizon's proper legal identification.  Corizon subsequently filed a motion for dismissal under FED. R. CIV. P. 12(b)(4) and FED. R. CIV. P. 12(b)(5).  The court denied the motion on the basis that Corizon had notice of the suit pending against it.  Pursuant to a court order, Corizon subsequently provided its legal identification ("Corizon, LLC") on the record.  However, McKee failed to amend her complaint to correct Corizon's name and she did not issue another summons.

On December 29, 2017, McKee filed a motion to voluntarily dismiss the case without prejudice pursuant to FED. R. CIV. P. 41(a)(2).  The motion was opposed by CCS.  The court granted the motion and dismissed the case without prejudice on January 16, 2018.  McKee refiled the lawsuit with this Court on November 21, 2018, listing the defendants as CCS, Corizon, and various John and Jane Does.  McKee filed the operative second amended complaint

---

[1] The statute of limitations for McKee's § 1983 claim was three years from the date of the alleged incident. *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001).  The limitations period for her medical malpractice claims were two years after the cause of action accrued.  Ark. Code Ann. § 16-14-203(a).

(ECF No. 28) on June 3, 2019, substituting Nannette Vowell and Gregory Scott McKinney as defendants in place of the Does.

Corizon, Vowell, and McKinney move for summary judgment on the basis that the claims alleged against them are untimely. They argue the Arkansas savings statute, Ark. Code Ann. § 16-56-126, does not apply because they were not parties to the first lawsuit. The savings statute applies when "the original statute or limitations period expires in the interim between the filing of the complaint" and the time at which a nonsuit is entered. *Elzea v. Perry*, 340 Ark. 588, 592, 12 S.W.3d 213, 216 (2000). The savings statute allows a party to refile an action within one year after suffering a nonsuit. Ark. Code Ann. § 16-56-126(a)(1). "[T]o toll the limitations period to invoke the one-year savings statute … a plaintiff need only file his or her complaint within the statute of limitations and complete timely service on a defendant. Even where a court later finds the plaintiff's timely completed service [is] invalid, the plaintiff is not debarred from benefitting from the one-year savings statute." *Thomson v. Zufari*, 325 Ark. 208, 209, 924 S.W.2d 796, 797 (1996).

Here, although the summons in the first lawsuit incorrectly identified Corizon, McKee "made a timely completed *attempt* to serve [Corizon] and should be afforded the benefit of the savings statute." *Jones v. Douglas*, 2016 Ark. 166, at 9, 489 S.W.3d 648, 654 (2016) (emphasis in original); *Rettig v. Ballard*, 2009 Ark. 629, at 7, 362 S.W.3d 260, 264 ("Because the complaint was timely filed and the complaint and summons, though defective, were timely served, the savings statute applies."). The claim against Corizon is clearly a refiling of the first lawsuit and was filed within one year of the voluntary dismissal. The suit as to Corizon is therefore timely.

The second amended complaint added Vowell and McKinney to replace the Doe defendants. In the first lawsuit, the claims against the Does were dismissed because McKee failed to complete service within ninety days and did not request an extension. Under the savings statute, "a nonsuit occurs when plaintiffs 'from causes incident to the administration of law, are compelled to abandon their present action, whether by their own act or the act of the court, when either would leave them a cause of action, yet undetermined.'" *Chandler v. Roy*, 272 F.3d 1057, 1059 (8th Cir. 2001) (quoting *State Bank v. Magness*, 11 Ark. 343, 346 (1850)). Because the claims against the Does were dismissed for failure to complete timely service, McKee suffered a nonsuit under the savings statute. *See Forrest City Mach. Works, Inc. v. Lyons*, 315 Ark. 173, 177, 866 S.W.2d 372, 374 (1993) ("[T]o invoke the saving statute, a plaintiff need only file his or her complaint within the statute of limitations and complete timely service on a defendant. A court's later ruling finding that completed service [is] invalid does not disinherit the plaintiff from the benefit of the saving statute.").

Nevertheless, after the court entered its order dismissing the Doe defendants in the first lawsuit, McKee did not request leave to add anyone as a party. McKee failed to "attempt to commence" an action against Vowell and McKinney because she voluntarily dismissed the first lawsuit without moving to amend. *See Jones*, 2016 Ark. at 9, 489 S.W.3d at 654 (stating "a timely, completed *attempt* to serve [the lawsuit] suffices to trigger the savings statute.") (emphasis in original). If McKee had sought leave to amend to name Vowell and McKinney as defendants, the amendment would have related back to the time of the original filing of the action. But she chose to voluntarily dismiss her complaint without ever naming or serving Vowell and McKinney. McKee's claims against these defendants are therefore untimely. *See Posey v. St. Bernard's Healthcare, Inc.,* 365 Ark. 154, 165-66, 226 S.W.3d 757, 765 (2006)

("Even though this court has interpreted the savings statute liberally …, this court has specifically held that service of process must, at least, be timely *attempted* in order for the action to be deemed to have commenced so that the savings statute will apply.").

McKee argues her claims are not barred by the statute of limitations because she has alleged affirmative acts of concealment to create a genuine issue of fact as to whether the statute of limitations was tolled. At this stage, however, McKee has the burden to present "evidence that the statute of limitations was in fact tolled." *Curry v. Thornsberry*, 354 Ark. 631, 638, 128 S.W.3d 438, 441 (2003); *see also Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 578 (8th Cir. 2006) ("Evidence, not contentions, avoids summary judgment."). "[T]here must be evidence creating a fact question related to 'some positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself.'" *Curry*, 354 Ark. at 638-39, 128 S.W.3d at 441. McKee offers no facts or arguments that would support fraudulent concealment or another theory to suspend the running of the limitations period. Accordingly, McKee's claims against Vowell and McKinney should be dismissed as untimely.

## II.    DISCLOSURE OF EXPERT REPORTS

This Court's Final Scheduling Order (ECF No. 40) set the discovery deadline at May 17, 2020. All parties were required to make initial expert witness disclosures no later than ninety (90) days before the close of discovery. The deadline for rebuttal witness disclosures was forty-five (45) days before the close of discovery. Pursuant to Federal Rule of Civil Procedure

26(a)(2), a written expert report is required at the time of disclosure.  McKee timely disclosed the identities of her experts, but she untimely provided their reports at later dates in March 2020.[2]

The Defendants argue that McKee is precluded from calling expert witnesses at trial, and thus, summary judgment should be granted because McKee cannot meet her burden of proof without expert testimony.[3]  When a party fails to provide information in compliance with Rule 26(a), "the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (citing FED. R. CIV. P. 37(c)(1).  "When fashioning a remedy, the district court should consider, *inter alia,* the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Id*.

McKee has not demonstrated persuasive reasons for her non-compliance, and the Defendants are prejudiced to the extent that the late disclosures shortened their timeframe to submit rebuttal reports before the Court's deadline.  However, the opinions offered in the reports create issues of fact in support of McKee's claims.  Rather than granting summary judgment based on McKee's failure to timely disclose the reports, the Court will file a separate order postponing the trial and discovery dates.  This remedy is consistent with this Court's preference for adjudication of disputes on the merits.  McKee will have the opportunity to ensure her reports

---

[2] The reports are authored by Dr. Chokkalingam Siva (rheumatology/autoimmune diseases), Michael McMunn (prison healthcare), and Dr. Richard Ellin (internal medicine/chronic pulmonary diseases).  The Siva and McMunn reports were disclosed on March 16, 2020.  The Ellin report was disclosed on March 26, 2020.

[3] The Defendants also contend McKee has failed to meet the requirements of Rule 26(a)(2), *e.g*., the Siva and Ellin reports failed to contain a list of publications; the McMunn report merely provided a general rate list, rather than identifying McMunn's compensation for the case at bar.

comply with requirements provided in FED. R. CIV. P. 26(a)(2) and any other applicable rules, and the Defendants will have ample time to provide rebuttal witness disclosures.

### III.    ORDER

IT IS THEREFORE ORDERED the motion for summary judgment (ECF No. 41) is GRANTED IN PART and DENIED IN PART.  Summary judgment is GRANTED to the extent that Nannette Vowell and Gregory Scott McKinney are DISMISSED as parties to this action.  The Court will enter a separate scheduling order setting forth certain dates for trial and pretrial deadlines.

IT IS SO ORDERED this 10th day of June, 2020.

/s/ Robert T. Dawson
**ROBERT T. DAWSON**
**SENIOR U.S. DISTRICT JUDGE**